UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| COLETTA R. HENDRIX, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social Security, )<br>    Defendant. ) | Civil Action 4:12-cv-87<br><br>(Mattice/Carter) |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of the plaintiff's Motion for Judgment on the Pleadings (Doc. 9) and defendant's Motion for Summary Judgment (Doc. 11).

This action was instituted pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying the plaintiff a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(I) and 423.

For reasons that follow, I RECOMMEND the decision of the Commissioner be AFFIRMED.

### Plaintiff's Age, Education, and Past Work Experience

Plaintiff was born on December 23, 1949 (Tr. 80). She alleged a disability onset date of June 15, 2005. Id. Therefore, she was 55 years old at the time of the alleged date of onset and 61 on the date of the administrative hearing. Plaintiff completed high school, and has past work experience as an production assembler, production inspector, and shipping clerk (Tr. 63, 73, 165).

## Claim for Benefits

Plaintiff filed an application for a period of disability and disability insurance benefits on December 18, 2009. She alleges her disability began on June 15, 2005 (Tr. 80). Her date last insured is December 31, 2011 (Tr. 80). The agency denied Plaintiff's application initially and on reconsideration (Tr. 80-81, 87-88). The administrative law judge (ALJ) held a hearing and subsequently denied Plaintiff's application (Tr. 39-51, 56-78). The Appeals Council denied Plaintiff's request for review (Tr. 1-4, 11). Plaintiff now seeks judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g).

## Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step.

20 C.F.R. § 404.1520; *Skinner v. Secretary of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. *Richardson v. Secretary, Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); *Landsaw v. Secretary, Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Secretary, Health and Human Servs.*, 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2012.

2. The claimant has not engaged in substantial gainful activity since June 15, 2005, the alleged onset date. Although she testified that she has done some part time work since her alleged onset date, the record shows that work she performed after her alleged onset

3

date never arose to the substantial gainful activity level (20 C.F.R. 404.1571 *et seq.*).

3. The claimant has the following "severe" impairments: multi-level degenerative disc disease of the lumbar spine; a non-specific depressive disorder; and a non-specified anxiety disorder. (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except mental issues would be mild; she could perform simple up to detailed tasks; she could work with others in a work environment; and she could adapt to changes in a work setting.

6. The claimant is capable of performing past relevant work as a production assembler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2005, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 41-50).

## Issues Raised

I. Whether substantial evidence supports the administrative law judge's residual functional capacity determination that Plaintiff is capable of light work.

II. Whether substantial evidence supports the administrative law judge's finding that plaintiff is not disabled because she can return to her past work as it is generally performed in the national economy.

## Relevant Facts

### Medical Evidence

On October 21, 2004, Plaintiff was injured on the job. This injury resulted in workers' compensation litigation. (Tr. 131-134). Her employer and the workers' compensation insurer sent Plaintiff to orthopedist Dr. James Rungee. On March 17, 2005, at his initial evaluation, Dr.

4

Rungee reviewed an MRI of Plaintiff's lumbar and thoracic spine, as well as x-rays. Her thoracic MRI was normal, plain films unremarkable. Her lumbar MRI showed some degenerative disc problems at the most inferior aspect of the lumbar spine. Dr. Rungee reported on physical examination that she was in no apparent distress and moved easily through the exam. Her spine was straight to visual inspection. There were complaints of tenderness just to the right of the midline at the lower thoracic region. There were no palpable abnormalities. She was neurologically intact. He recommended a functional Capacity Evaluation ("FCE") (Tr. 234). On June 16, 2005, Dr. Rungee reviewed the FCE noting that Plaintiff gave an unreliable exam that did not pass the validity testing aspect. His notes reflect the following:

> Impression:
> Complaint of thoracic back pain with normal MRI and paucity of clinical findings.
>
> Plan:
> I went over this with her as diplomatically as I could, explaining to her that the unreliable nature of her FCE disqualifies it from being used as a tool to determine her restrictions. Consequently, I can only rely on her to tell me what she can and cannot do. She says that she cannot lift over 10 lb and would require permanent restriction for that. Consequently, she has been given a restriction of no lifting over 10 lb, which is what she says she cannot do. However, she has no definable entity that results in permanent partial impairment that would be assigned to the worker's compensation system. Her case manager was present and I discussed that with him with her present as well.
>
> Tr. 231

Plaintiff then went to orthopedist Dr. Richard Fishbein for an independent medical evaluation. Dr. Fishbein reviewed the prior records of Dr. Rungee and performed a comprehensive physical examination of the patient. X-Rays showed narrowed disc space L3-4 and L5-S1, sclerosis of adjacent end plates, with mild degenerative changes in the posterior elements. There was degenerative disc disease more severe at L5-S1, also L3-4 and some osteoarthritic changes in the lower posterior elements. His review of medical records included a

5

note of May 25, 2005 re: the FCE which concluded significant objectively measured inconsistencies were noted during grip strength testing. The inconsistencies were positive indicators for the likelihood of submaximal effort given during testing. The results of that test were considered an unreliable representation of Plaintiff's current functional abilities. Due to the objective inconsistencies and limited testing performed, no specific restrictions could be recommended (Tr. 239). The note from June 16, 2005 indicated the following:

06-16-05     <u>Dr. Rungee/note</u> – Ms. Hendrix was seen today for a follow-up. She still complains of back pain. She has had a FCE. She was not examined today. I went over this with her and explained that I cannot use this to determine what she can and cannot do. I have to go on what she tells me. She states she cannot lift over 10 pounds and would require a permanent restriction for that. However, she has no definable entity that results in permanent partial impairment that would be assigned to WC system. I did give her a 10 pound lifting restriction.

Tr. 239.

Dr. Fishbein assigned a 7% permanent impairment to the body as a whole for use in the workers' compensation litigation (Tr. 240). Nearly two years later, on April 5, 2007, Dr. Fishbein wrote the following memorandum regarding the claimant's medical condition:

I reviewed Dr. Rungee's comments and of course he gave her a 10 pound lifting restriction without any impairment, which in itself does not really make any sense. Dr. Rungee and I, at least agree that the FCE cannot be used to determine what the patient can and cannot do. He says that she cannot exceed her 10-pound restriction and based on the examination today, which was basically the same as then. Her back is stiff and most of her symptoms are consistent with what she told me before. I explained to her that the fact that she has some nausea and pain when using her upper extremity that doesn't relate anatomically to her lower back. I think that she understands that it's just the pain in itself that causes her to have these problems. I still at this time agree with the impairment that I gave previously. She is trying to find a job and it is very difficult because she is unable to lift. She is only capable of light to sedentary work.

Tr. 237.

Other evidence of record includes the consultative examination of Dr. Timothy Fisher.

6

Dr. Fisher's clinical findings were within normal limits (Tr. 239, 245-46). On examination, Plaintiff demonstrated a normal gait, normal lower back flexion, and normal ranges of motion in her upper and lower extremities (Tr. 245-46). Her neurological examination was normal, demonstrating normal motor strength and sensation in her upper and lower extremities. Plaintiff had only mild difficulties with squatting and balancing on one leg. Dr. Fisher concluded Plaintiff could stand and walk 6 to 8 hours a day, frequently grip and manipulate objects weighing up to 10 pounds, and occasionally grip and manipulate objects weighing up to 25 pounds (Tr. 246).

The record also contains the opinions of state agency physicians who, after a review of the medical evidence, gave an opinion of the residual functional capacity of Plaintiff. On April 28, 2010, after a review of the record, Dr. Joe G. Allison opined Plaintiff was capable of medium work. He concluded that more restrictive assessments were overly restrictive in light of Plaintiff's almost normal range of motion and strength and mobility (Tr. 247-255). On July 22, 2010, Dr. Charles S. Settle reviewed the record and confirmed his agreement with the assessment of April 28, 2010.

A September 22, 2010, Mental Residual Functional Capacity assessment was completed by George T. Davis, Ph.D. In his summary conclusions he found Plaintiff not significantly limited in 15 of 20 areas of mental activity and only moderately limited in 5. His Functional Capacity Assessment was as follows:

> A: Claimant is capable of understanding and remembering simple and detailed instruction.
>
> B: Claimant is capable of attending to above tasks for periods of two hours in an eight hour workday with appropriate breaks completing a routine workweek.

  C. Claimant is capable of appropriate social interactions within the restrictions as noted above.

  D. Claimant is capable of adapting to routine changes, setting self goals, traveling or using public transport and being aware of everyday hazards.

Tr. 279.

  Testimony of the Vocational Expert

  The ALJ determined that Plaintiff had the residual functional capacity (RFC)[1] to perform light work except mental issues would be mild; she could perform simple up to detailed tasks; she could work with others in a work environment; and she could adapt to changes in a work setting (Tr. 43, Finding No. 5). At the hearing, the VE testified Plaintiff's past relevant work as a production assembler was light and unskilled work (Tr. 50, 73). The ALJ asked the VE to assume a hypothetical individual who could perform light work, but also had mild psychological problems (Tr. 73). The ALJ further noted this hypothetical individual could perform simple to detailed tasks, interact with her coworkers and the general public, accept supervision, and adapt to changes in the workplace (Tr. 73). The VE testified the hypothetical individual could work as a production assembler (Tr. 74). He also testified he relied on the Dictionary of Occupational Titles (DOT) for work codes and characteristics (Tr. 74).

  Analysis

  *The Functional Capacity Assessment:*

  The first issue raised is whether substantial evidence supports the administrative law judge's residual functional capacity assessment that Plaintiff is capable of light work. For reasons

---

[1] RFC is the most Plaintiff can do in a work setting despite any limitations that may result from her impairments. See 20 C.F.R. § 404.1545(a)(1).

that follow, I conclude it does. As the ALJ noted, treating physician Dr. James L. Rungee opined Plaintiff could not lift over 10 pounds (Tr. 43, 231). Pursuant to the regulations, the Commissioner must "evaluate every medical opinion" submitted. See 20 C.F.R. § 404.1527(c). The Sixth Circuit has held a treating physician's "opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993); see 20 C.F.R. § 404.1527(c)(2). An ALJ must give good reasons for rejecting a treating physician's opinion. See 20 C.F.R. § 404.1527(c)(2); Wilson, 378 F.3d at 544.

The ALJ gave no weight to the opined lifting restriction because it was based on Plaintiff's subjective complaints, not objective findings (Tr. 43-44). A claimant's subjective complaints of pain or other symptoms are not objective medical evidence. See 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques"). Moreover, a doctor's report reiterating Plaintiff's subjective complaints, which the ALJ found less than credible, is not objective medical evidence and should not receive significant weight (Tr. 43-44, 49, 231). See Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 877 (6th Cir. 2007) (ALJ properly discredited physicians' opinions that were based solely on claimant's subjective complaints, which the ALJ found not credible). During a June 2005 examination, Dr. Rungee reviewed Plaintiff's functional capacity evaluation (FCE) report and noted Plaintiff "gave an unreliable exam and did not pass the validity testing aspect" of the FCE (Tr. 231). Dr. Rungee expressly stated he relied solely on Plaintiff's subjective report of her lifting ability to determine Plaintiff could lift only up to 10 pounds (Tr. 231). See Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 391 (6th Cir. 2004) (ALJ

9

properly discounted physician's report because it appeared to be based not on his own medical conclusion, but upon claimant's own assessment of his weight-lifting limitations).

Further, the objective medical evidence does not support a lifting limitation. See Hash v. Comm'r of Soc. Sec., 309 Fed.Appx. 981, 987 (6th Cir. 2009) (the ALJ is not bound by a physician's opinion that is inconsistent with objective medical evidence). As the ALJ noted, Dr. Rungee was unable to determine a medical impairment in connection with Plaintiff's alleged lifting restriction (Tr. 46, 231, 237, 239). See 20 C.F.R. § 404.1529(a); Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (The record must include medical signs and findings showing the existence of a medical impairment that, when considered with all the other evidence, would lead to a conclusion the claimant was disabled). The MRI of Plaintiff's upper back was normal (Tr. 45, 225, 231, 239). Plaintiff's lower back MRI demonstrated degenerative disc and joint disease (Tr. 45, 226, 229). As examining physician Dr. Richard Fishbein noted, Plaintiff's alleged upper extremity pain did not "relate anatomically to her lower back" (Tr. 237).

The report of consultative examiner Timothy M. Fisher, D.O., provides further support for the RFC finding of light work (Tr. 43, 246). See 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). On examination, Plaintiff's lower back flexion and bilateral side flexion were normal (Tr. 246). She demonstrated normal motor strength; normal, painless ranges of motion in her upper and lower extremities; and no neurological deficits (Tr. 246). Dr. Fisher concluded Plaintiff could perform work that required gripping and manipulating objects weighing up to 10 pounds frequently (Tr. 246). She could also grip and manipulate objects weighing 10 to 25 pounds occasionally (Tr. 246). The ALJ also referred to the opinion of State Agency Physicians

10

who reviewed the medical record and conclude that the restrictive opinions of record were overly restricting and Plaintiff could perform medium work (Tr. 43, 247-255, 256).

Plaintiff contends the ALJ misinterpreted the opinion of examining physician Dr. Richard Fishbein (Doc. 10, Plaintiff's Brief at 3-6). I disagree. The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, and other factors. See 20 C.F.R. § 404.1527(c). "Any record opinion . . . may be rejected by the ALJ when the source's opinion is not well-supported by medical diagnostics or if it is inconsistent with the record." Norris v. Comm'r of Soc. Sec., 461 Fed.Appx. 433, 439 (6th Cir. 2012). Moreover, although a physician's statement about what a claimant can do is relevant evidence, it is not determinative, as the ALJ has the responsibility of assessing a claimant's RFC. See 20 C.F.R. §§ 404.1513(b), 404.1545, 404.1546(c); Poe v. Comm'r of Soc. Sec., 342 Fed.Appx. 149, 157 (6th Cir. 2009).

The ALJ properly evaluated Dr. Fishbein's April 2007 opinion (Tr. 43-44, 237-40). In October 2005, Dr. Fishbein examined Plaintiff and reviewed the relevant medical records, including the notes of treating physician Dr. James L. Rungee (Tr. 238-39). Dr. Fishbein concluded at that time that Plaintiff had a 7% impairment rating and he indicated she could lift up to 10 pounds (Tr. 240). On April 5, 2007, Dr. Fishbein opined Plaintiff could perform <u>light to sedentary</u> work (Tr. 237) (emphasis added). Consistent with the opinion, the ALJ determined Plaintiff could perform <u>light</u> work (Tr. 43, 237) (emphasis added).

Plaintiff contends the ALJ misinterpreted Dr. Fishbein's statement regarding Plaintiff's 10

11

pound lifting restriction (Tr. 43, 237) (Doc. 10, Plaintiff's Brief at 4). In his April 5, 2007 letter, Dr. Fishbein stated, "I reviewed Dr. Rungee's comments and of course he gave her a 10 pound lifting restriction with out [sic] any impairment, which in itself does not really make any sense" (Tr. 237). Dr. Fishbein's statement is unclear as to what aspect of Dr. Rungee's assessment was illogical – the lifting restriction or the absence of an impairment (Tr. 237). In the same letter, however, Dr. Fishbein acknowledged he could not use the FCE to assess Plaintiff's limitations (Tr. 237). He reported Plaintiff's upper extremity pain did not "relate anatomically to her lower back" and noted that "the pain in itself" caused Plaintiff's problems (Tr. 237). I agree with the Commissioner. Based on the letter in its entirety, the ALJ reasonably interpreted Dr. Fishbein's statement to mean the "lifting limitation" did not make any sense because the objective medical evidence did not demonstrate a medically determinable impairment that would support such a lifting restriction (Tr. 44).

Plaintiff further contends Dr. Fishbein made the lifting assessment "totally within the confines of his own examination," and not based on Dr. Rungee's opinion. However, Dr. Fishbein indicated he considered his examination findings and Dr. Rungee's records in assessing Plaintiff's limitations. He reviewed the June 15, 2005 note of Dr. Rungee, that he could not use the FCE to determine what she could and could not do, but would have to "go on what she tells me" (Tr. 237, 239). Further, the lifting limitation is inconsistent with Dr. Fishbein's unremarkable clinical findings in October 2005 (Tr. 239). See 20 C.F.R. § 404.1527(c)(3)-(4) (Commissioner considers the supportability and consistency of the medical source opinion in determining its weight); Poe, 342 Fed.Appx. at 156-57 (ALJ properly discounted physician's opinion that was not based on objective medical evidence and was inconsistent with his own

12

treatment notes). On examination, Plaintiff was able to heel and toe walk, had good posture, and exhibited normal lower extremity strength, with no signs of neurological, motor, and/or sensory deficit (Tr. 239). See generally Gaskin v. Comm'r of Soc. Sec., 280 Fed.Appx. 472, 476-77 (6th Cir. 2008) (medical reports showing no evidence of any neurological problems were contrary to claimant's complaints of disabling pain); Crouch v. Sec'y of Health and Human Servs., 909 F.2d 852, 857 (6th Cir. 1990) (record did not support claimant's allegation of disabling back pain because there was no evidence of neurological deficiencies or muscle atrophy). Although Plaintiff had a stiff lower back and positive straight leg raises, Dr. Fishbein noted "[t]he balance of the examination was within normal limits" (Tr. 239) (emphasis added). In April 2007, Dr. Fishbein expressly concluded Plaintiff could perform light to sedentary work (Tr. 237).

Plaintiff also contends the ALJ mischaracterized Dr. Fishbein's statement regarding the FCE (Doc. 10, Plaintiff's Brief at 4). I disagree. Dr. Fishbein indicated he could not rely on the FCE report to determine restrictions (Tr. 231, 237). Dr. Fishbein noted the FCE results were unreliable due to the objective inconsistencies and limited testing (Tr. 239). The inconsistencies demonstrated "the likelihood of submaximal effort" by Plaintiff (Tr. 239). He also reported Plaintiff ended the evaluation during the grip strength test due to subjective pain complaints (Tr. 239). I conclude there is substantial evidence to support the conclusions that Dr. Fishbein agreed with Dr. Rungee that the FCE could not be used to determine Plaintiff's functional limitations because "the results are not considered valid. I do not conclude there was reversible error because the ALJ concluded the results are not considered valid due to excessive pain behaviors rather than "the likelihood of submaximal effort" (Tr. 44, 239).

Plaintiff further contends the ALJ erred in stating the findings of consultative examiner

13

Dr. Timothy Fisher were consistent with Dr. Fishbein's findings (Tr. 47, 237, 246) (Doc. 10, Plaintiff's Brief at 5). Once again, I disagree. Similar to Dr. Fishbein's examination results, Dr. Fisher's clinical findings were within normal limits (Tr. 239, 245-46). On examination, Plaintiff demonstrated a normal gait, normal lower back flexion, and normal ranges of motion in her upper and lower extremities (Tr. 245-46). Her neurological examination was normal, demonstrating normal motor strength and sensation in her upper and lower extremities (Tr. 246). Plaintiff had only mild difficulties with squatting and balancing on one leg (Tr. 246). See generally Gaskin, 280 Fed.Appx. at 476-77 (medical reports showed no evidence of any neurological problems, undercutting claimant's complaints of disabling pain); Jeffries v. Comm'r of Soc. Sec., 23 Fed.Appx. 351 (6th Cir. 2001) (normal clinical examination findings did not support claimant's subjective claims of pain). Dr. Fisher concluded Plaintiff could stand and walk 6 to 8 hours a day, frequently grip and manipulate objects weighing up to 10 pounds, and occasionally grip and manipulate objects weighing up to 25 pounds (Tr. 246). The regulations define "light work" as work that involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Based on Dr. Fisher's assessment, Plaintiff was capable of performing light work (Tr. 246). Thus, the ALJ properly noted Dr. Fisher's assessment was consistent with that of Dr. Fishbein (Tr. 47).

   Plaintiff argues that the 10-pound lifting limitation from Dr. Fishbein's 2005 report precluded Plaintiff from performing light work (Tr. 240) (Doc. 10, Plaintiff's Brief at 6). If that opinion was given controlling weight, that might be so, however, the lifting restriction is inconsistent with both Dr. Fishbein's 2007 opinion and Dr. Fisher's 2010 opinion (Tr. 237, 240, 246). See Poe, 342 Fed.Appx. at 156 (physician's opinion that is inconsistent with the record as

14

a whole not entitled to significant weight); see also Gaskin, 280 Fed.Appx. at 475 (ALJ properly rejected physician's opinion that was contradicted by opinions of other doctors). Further, in April of 2007, Dr. Fishbein stated Plaintiff could perform "light to sedentary work" (Tr. 237). Though the ALJ described Dr. Fishbein's opinion as stating "light or sedentary exertional work," his description is reasonably accurate (Tr. 43, 237). See Poe, 342 Fed.Appx. at 157 ("Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his [RFC] finding.").

In summary, Dr. Rungee's 10 pound restriction was based on what Plaintiff told Dr. Rungee. His notes reflect the following: "she says she cannot lift over 10 pounds and would require permanent restriction for that. Consequently, she has been given a restriction of no lifting over ten pounds, which is what she says she cannot do" (Tr. 231). By April 5, 2007, consultative physician Fishbein concluded Plaintiff was only capable of light to sedentary work (Tr. 237). A February 23, 2010 consultative examination was conducted by Dr. Fisher. He concluded Plaintiff was capable of light work. State Agency Physicians, after a review of the medical record on April 28, 2010 and July 22, 2010, opined Plaintiff was capable of medium work. The ALJ relied on all of this evidence. I conclude these opinions provided substantial evidence to support the ALJ's RFC assessment.

*Plaintiff's Past Work:*

Plaintiff next argues substantial evidence does not support the ALJ's finding that plaintiff can return to her past work as it is generally performed in the national economy. Because I agree with the analysis of the Commissioner I will set out the substance of that argument. As the Commissioner notes, Plaintiff has the burden of showing she could no longer perform her past

15

work.  See Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997).  The relevant inquiry is whether she could still perform the type of work and not necessarily the specific job she had in the past.  See Clendening v. Comm'r of Soc. Sec., 482 Fed.Appx. 93, 96 (6th Cir. 2012) (emphasis added); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).

At the hearing, the VE testified Plaintiff's past relevant work as a production assembler was light and unskilled work (Tr. 50, 73).  The ALJ asked the VE to assume a hypothetical individual who could perform light work, but also had mild psychological problems (Tr. 73).  The ALJ further noted this hypothetical individual could perform simple to detailed tasks, interact with her coworkers and the general public, accept supervision, and adapt to changes in the workplace (Tr. 73).  Although Plaintiff does not appear to take issue to the ALJ's conclusion regarding Plaintiff's alleged Psychological problems,  I note the ALJ's finding of mild psychological problems is supported by the September 22, 2010, Mental Residual Functional Capacity Assessment of George T. Davis Ph.D.  Therefore substantial evidence supports the mild psychological problems assessed.

The VE testified the hypothetical individual could work as a production assembler (Tr. 74).  He also testified he relied on the DOT for work codes and characteristics (Tr. 74).  Thus, substantial evidence supports the ALJ's determination that Plaintiff could perform the duties of production assembler as it is "generally performed" in the national economy (Tr. 50).  See Clendening, 482 Fed.Appx. at 96 (ALJ properly relied on VE testimony that claimant could perform past relevant work).

Plaintiff cites several cases in support of her position but the Commissioner argues they

16

are factually distinguishable from the instant case (Doc. 10, Pl.'s Br. at 6-7).[2] In Carter v. Sec'y of Health & Human Servs.,834 F.2d 97, 98 (6th Cir. 1987), the ALJ did not utilize VE testimony to determine whether the claimant could perform past relevant work. Rather, the ALJ relied solely on the DOT classifications. Id. at 98. The Sixth Circuit noted "the Secretary may rely on the general job categories of the [DOT] as presumptively applicable to [a] claimant's prior work." Id. (citing DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983)). However, a claimant can overcome the presumption of the DOT's applicability by demonstrating his duties were not envisioned by the framers of the Secretary's category. Id. at 99. The claimant provided "uncontroverted testimony" that his prior work as a fast food manager was "medium work," although the DOT categorized the job as "light" work. Id. at 98. The court found claimant's testimony was sufficient to overcome the DOT presumption and determined the claimant could not perform his past relevant work. Id. at 99.

The remaining out-of-circuit cases cited by Plaintiff are similar to Carter (Doc. 10, Pl.'s Br. at 6-7). See DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983) (claimant's "unrebutted testimony" regarding prior work met the burden of overcoming the DOT presumption); Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986) (remanding where the Appeals Council relied on the DOT but did not explicitly reject claimant's testimony regarding his past work requirements); Nazario v. Astrue, No. 07-61833-CIV, 2009 WL 347424, at *16-23 (S.D. Fla. Feb. 11, 2009)

---

[2] Plaintiff also cites Liebisch v. Sec'y of Health & Human Servs.,which is inapposite to the instant case. See Pl.'s Br. at 7; Liebisch v. Sec'y of Health & Human Servs., No. 93-3122, 1994 WL 108957 (6th Cir. March 30, 1994). In Liebisch, the issue was whether the DOT took precedence over a VE's testimony. Id. at *1. The court noted testimony of a VE could override the descriptions of the DOT. 1994 WL 108957, at *3. The court upheld the ALJ's decision to rely on the VE's testimony in determining whether the claimant could perform unskilled, light work. Id. at *3. In the present case, the VE's testimony was consistent with the DOT (Tr. 74).

17

(remanding where ALJ relied on DOT without explaining why he did not find claimant's testimony of the job description not credible).

The ALJ here properly relied on the VE's testimony that Plaintiff could perform her prior work as a production assembler (Tr. 50, 73-74). See Clendening, 482 Fed.Appx. at 96; Studaway, 815 F.2d at 1076. As the Commissioner points out in Studaway, the claimant argued his past work as a custodial worker required a medium level of exertion. 815 F.2d at 1076. However, the VE testified the exertion requirements for custodial work varied from heavy to light, depending on various factors. Id. Noting the claimant's burden was to prove "an inability to return to his former type of work and not just his former job," the court affirmed the ALJ's decision to rely on the VE's testimony. Id. Plaintiff's argument fails here because even though her particular job may have involved required lifting of heavier objects, the work as it is generally performed does not and the testimony of the VE supports this.

As in Studaway, in this case Plaintiff's testimony conflicted with the VE's testimony regarding her past relevant work (Tr. 70, 73-74). Plaintiff testified she lifted units weighing "90 to 125 pounds" when she worked as a production assembler (Tr. 70). The VE, however, testified that a production assembler was light and unskilled work (Tr. 73-74). Plaintiff's testimony regarding her specific past job is inadequate to show she could not perform the duties of a production assembler as they are generally performed (Tr. 70, 73-74). Therefore, substantial evidence supports the ALJ's decision that Plaintiff could perform her past relevant work (Tr. 50, 73-74).

<u>Conclusion</u>

For the reasons stated herein, I conclude there is substantial evidence to support the conclusion of the ALJ and I therefore RECOMMEND the Commissioner's decision be AFFIRMED.

I further RECOMMEND defendant's Motion for Summary Judgment (Doc. 11) be GRANTED, and plaintiff's Motion for Judgment on the Pleadings (Doc. 9) be DENIED and the case be DISMISSED.[3]

S/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).